UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT GOSS, JR.,<br><br>    Plaintiff,<br><br>v.<br><br>CITIMORTGAGE, INC., and NATIONSTAR MORTGAGE,<br><br>    Defendants. | Case No. 23-13306<br>Honorable Laurie J. Michelson |

**OPINION AND ORDER GRANTING CITIMORTGAGE'S MOTION TO DISMISS [20] AND NATIONSTAR'S MOTION FOR JUDGMENT ON THE PLEADINGS [24]**

In 2016, Robert Goss, Jr. nearly lost his home to foreclosure due to CitiMortgage, Inc., and Nationstar Mortgage, LLC, allegedly reporting inaccurate information to credit reporting agencies Experian, TransUnion, and Equifax. In 2018, after two years of litigation, the parties were able to reach a settlement that allowed Goss to keep his home. But just a year later, Goss discovered that CitiMortgage and Nationstar were again reporting inaccurate information about his mortgage to the credit bureaus. This hurt his credit, causing him to lose out on business loans necessary to run his tire and auto repair business. He was forced to sell the business in 2023, and shortly after brought this suit for violations of the Fair Credit Reporting Act and the 2018 settlement agreement.

CitiMortgage and Nationstar moved to dismiss the complaint, arguing that Goss' FCRA claim fails because he never filed a dispute with a credit reporting

agency—a prerequisite to suing furnishers (those who furnish information to consumer reporting agencies) like Defendants. Both motions are fully briefed (ECF Nos. 25–27) and do not require further argument, E.D. Mich. LR 7.1(f). For the reasons below, the Court will grant both motions.

## I.

A motion for judgment on the pleadings is analyzed using the same standard as a motion to dismiss. *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 480 (6th Cir. 2020). Thus, as to both motions, the Court will "construe[] the complaint in the light most favorable to the plaintiff, accept[] the plaintiff's factual allegations as true, and determine[] whether the complaint 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *See Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## II.

In February 2015, Goss entered into a mortgage modification. *See Goss v. CitiMortgage, Inc.*, No. 16-14391 (E.D. Mich. June 30, 2017), ECF No. 35, PageID.1037. Goss made timely payments on this modified mortgage from February 2016 until September 2016. *Goss*, No. 16-14391, ECF No. 35, PageID.1039. But when CitiMortgage sold Goss' loan to Nationstar in September 2016, Goss learned that "his payments were not being reported to the credit bureaus as being paid." *Goss*, No. 16-14391, ECF No. 35, PageID.1040. In fact, Nationstar informed Goss it had no record

2

of payments since June 2016, despite CitiMortgage accepting payments until September 2016. *Goss*, No. 16-14391, ECF No. 35, PageID.1039, 1041.

As a result of this inaccurate reporting of his mortgage payments, Goss was denied a loan, denied a credit card, forced to pay higher interest on his existing business loan, and had his house foreclosed upon for the second time. *Goss*, No. 16-14391, ECF No. 35, PageID.1042. So Goss brought suit for breach of contract, promissory estoppel, wrongful foreclosure, quiet title, and violations of the Fair Debt Collection Practices Act, the Fair Credit Reporting Act, and the Real Estate Settlement Procedures Act, seeking a stay of the foreclosure proceeding and monetary damages. *Goss*, No. 16-14391, ECF No. 35, PageID.1043–1053.

The parties were eventually able to resolve the litigation via settlement. The settlement proceeded in two parts. First, on September 13, 2018, the parties submitted a stipulated order, which the Court entered, that set aside the foreclosure sale and reinstated Goss' mortgage. *Goss*, No. 16-14391, ECF No. 80. It specified:

> Within sixty (60) days of entry of this Order, CMI and Nationstar will each submit an Automated Universal Dataform ("AUD") to Experian, Equifax, and Trans Union (collectively, "the Credit Bureaus") requesting that the Credit Bureaus update Plaintiff's tradeline(s) relating to the Loan as follows: (a) to suppress any information relating to past due payments from February 1, 2015 through the date this Order is entered, and (b) to suppress any information relating to the Foreclosure Sale. Plaintiff understands and agrees that the Credit Bureaus are third parties over which Nationstar and CMI have no control and that Nationstar and CMI will have no liability for the Credit Bureaus' failure to comply with Nationstar's and CMI's requests for an update to his credit report, so long as Nationstar and CMI each submit an AUD requesting the updates set forth in this paragraph for the respective time periods during which each serviced the Loan. Nationstar will resume furnishing accurate credit information concerning the Loan following the reinstatement of the Mortgage, on a going forward basis.

*Goss*, No. 16-14391, ECF No. 80, PageID.1658. This order dismissed Goss' quiet title claim. *Goss*, No. 16-14391, ECF No. 80, PageID.1658–1659. Then in January 2019, a second stipulated order dismissed the remainder of Goss' claims, including his FCRA claim. *Goss*, No. 16-14391, ECF No. 82.

Less than a year later, in September 2019, Nationstar Mortgage, doing business as "Mr. Cooper®"[1], "transferred the servicing of [Goss'] mortgage loan to Select Portfolio Servicing." (ECF No. 15, PageID.117.) After this transfer, however, Nationstar continued to report Goss' mortgage as an active loan—meaning that both Nationstar and SPS claimed that Goss maintained a loan with them. (*Id.* at PageID.117–118.) As a result, Goss' loan balance was effectively double-counted, and his credit report reflected that Goss owed almost double his actual outstanding loan balance. (*Id.*) And CitiMortgage, though reporting the mortgage as a closed loan, still noted six late payments made on the loan—which Goss claims violated the September 2018 stipulated order entered by the Court. (*Id.* at PageID.118.)

Because of these inaccuracies on his credit report, Goss says he was denied multiple loans, including payroll loans and supply loans necessary to run his tire and auto repair business. (*Id.*) He was eventually forced to sell the business in 2023. (*Id.* at PageID.119.)

Thus, on December 29, 2023, Goss filed this suit against CitiMortgage, Nationstar d/b/a Mr. Cooper®, SPS, and Experian, Inc., alleging Fair Credit

---

[1] "Mr. Cooper®" is Nationstar's "registered service mark" and does not refer to any particular individual, as far as the Court can tell. Mr. Cooper Home Page, Nationstar Mortgage LLC, https://perma.cc/5N9B-7W7B.

Reporting Act violations and breach of contract—the contract being the parties' 2018 settlement agreement as memorialized by the Court's order. (ECF No. 1.) Goss later voluntarily dismissed SPS (ECF No. 14) and Experian (ECF No. 16), and amended his complaint to include two more causes of action: violation of a Court order and violation of the Consumer Financial Protection Act (ECF No. 15).

CitiMortgage filed a motion to dismiss the amended complaint, arguing that (1) Goss' FCRA claim fails because he never filed a dispute with a consumer reporting agency, (2) Goss' CFPA claim fails because that statute does not provide a private right of action, and (3) Goss' breach of contract claim and violation of court order claim are preempted by the FCRA. (ECF No. 20.) Soon after, Nationstar filed a motion for judgment on the pleadings on the same grounds. (ECF No. 24.)

### III.

### A. Fair Credit Reporting Act

CitiMortgage and Nationstar both argue that Goss has not sufficiently pled his FCRA claims because he does not allege that he ever disputed the loan account with a consumer reporting agency. (ECF No. 20, PageID.210; ECF No. 24, PageID.322–323.) The Court agrees.

As Defendants correctly argue, filing a dispute with a consumer reporting agency is a prerequisite to maintaining an FCRA action against a furnisher like CitiMortgage or Nationstar. *See Scott v. First S. Nat'l Bank*, 936 F.3d 509, 517 (6th Cir. 2019) ("[The Sixth Circuit] has repeatedly held that consumers must file a

5

dispute with a consumer reporting agency to trigger the furnisher's duty to investigate under § 1681s-2(b).").

Goss concedes as much. (ECF No. 25, PageID.412 ("Plaintiff concedes that the [FCRA] statute and case law requires an initial reporting of inaccurate information to the [consumer reporting agency] prior to a direct cause of action against the furnisher of information under the Fair Credit Reporting Act."); ECF No. 26, PageID.560 (same).) But he argues the Court should nevertheless make an exception in this case. (ECF No. 25, PageID.412; ECF No. 26, PageID.560.) The reason the FCRA only imposes a duty on furnishers after they receive notice of a dispute from the consumer reporting agency, argues Goss, is to protect furnishers from "frivolous claims for misreporting." (ECF No. 26, PageID.560.) And this case is not frivolous, he says, because this Court "has already mandated the parameters for accurate reporting by CitiMortgage and Nationstar to the consumer reporting agencies" in the stipulated dismissal it entered "after extensive litigation." (*Id.*) The prior court order put Defendants "on notice . . . to cease . . . falsely reporting . . . [Goss'] credit status." (*Id.*) So Goss says he should not be required to file another dispute with a consumer reporting agency before bringing a new FCRA claim.

The law does not support such an exception. True, Defendants had a duty under § 1681s-2(a) of the FCRA to provide accurate information to the consumer reporting agencies. But § 1681s-2(a) does not provide a private cause of action to the consumer—enforcement of this provision is reserved for government agencies and officials identified in § 1681s. *Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 615 (6th

6

Cir. 2012) (citing 15 U.S.C. § 1681s-2(d)). While a different subsection, § 1681s-2(b), does create a private right of action for the consumer, the furnisher's duty under subsection (b) only arises after it receives notice of a dispute from a consumer reporting agency, not the consumer himself. *Id.* at 615–16. Indeed, the Sixth Circuit has consistently held that a consumer must report a dispute to a consumer reporting agency before the furnisher's duty is triggered under § 1681s-2(b). *Scott*, 936 F.3d at 517–18 (collecting cases). "A consumer's complaining directly to a furnisher of information about a purported error in the information the furnisher supplied to a consumer reporting agency does not trigger the furnisher's duty to investigate under the FCRA." *Id.* And Goss does not cite, nor is the Court aware of, any cases where courts have departed from this clear rule.

It is also true that the stipulated (settlement) order in the prior case imposed certain reporting requirements on these defendant furnishers. And Goss might very well be able to seek recourse in that case. But that does not mean he can evade the requirements of the FCRA through a new lawsuit.

Accordingly, because (1) there is no private cause of action under § 1681-s2(a) and (2) Goss failed to file a dispute with any of the consumer reporting agencies as required to bring a claim under § 1681-s2(b), Goss' FCRA claim is dismissed.

### B. Consumer Financial Protection Act

Next, CitiMortgage and Nationstar claim that Goss' CFPA claim must fail because the CFPA does not provide a private cause of action. (ECF No. 20, PageID.212–213; ECF No. 24, PageID.323–324.) They are correct. *See Thomas v.*

7

*Navient Sols., Inc.,* No. 17-12232, 2018 WL 3141946, at *3 (E.D. Mich. June 27, 2018) ("As many courts have noted, the CFPA 'does not include a private right of action.'" (quoting *Jones v. Ocwen Fin. Corp.*, No. 15-1272, 2017 WL 5713218, at *1 (M.D. Tenn. Nov. 28, 2017))); *Crenshaw v. Portfolio Recovery Assocs., LLC*, No. 23-474, 2023 WL 6958635, at *3 (N.D. Ohio Oct. 20, 2023). And Goss makes no arguments to the contrary in his responses.[2] (*See* ECF Nos. 25–26.) Accordingly, his CFPA claim is dismissed.

### C. Breach of Settlement and Violation of Court Order

That leaves Goss' state law claims, which largely overlap. *See Kutzback v. LMS Intellibound, LLC*, No. 13-02767, 2023 WL 3742333, at *12 (W.D. Tenn. May 31, 2023) (citing *Cernelle v. Graminex, L.L.C.*, 437 F. Supp. 3d 574, 594 (E.D. Mich. 2020)) ("Settlement agreements are essentially contracts and courts enforce them as such."). Goss claims that the Court's September 13, 2018, order was a memorialization of the settlement agreement between him, CitiMortgage, and Nationstar.[3] (ECF No. 15, PageID.124.) He claims that CitiMortgage and Nationstar breached this Court order, and the settlement contract it incorporated, when CitiMortgage "report[ed] alleged past due payments" to the consumer reporting agencies and when Nationstar "report[ed] that it had an active mortgage loan . . . [after it] had transferred its

---

[2] Goss' responses instead focus on why he has a cause of action under § 1681s-2(a) of the FCRA, which the Court has already addressed, and why an agency could bring a CFPA action against defendants, which is irrelevant to this case. (*See* ECF No. 25, PageID.406–407, 410; ECF No. 26, PageID.554–555, 558.)

[3] The Court must accept this allegation as true on a motion to dismiss, even though the Court's September 13 order appears to only settle one claim between the parties.

8

interest to SPS." (ECF No. 15, PageID.125.) Defendants argue that these claims are preempted by the FCRA. (ECF No. 20, PageID.214–216; ECF No. 24, PageID.324.)

The FCRA has two preemption provisions: § 1681h(e)—which preempts defamation, invasion of privacy, and negligence claims related to reporting or disclosing credit information—and the later-enacted § 1681t(b)(1)—which preempts nearly all state law claims that concern "any subject matter regulated under" the FCRA. *Scott*, 936 F.3d at 519–21 (citing 15 U.S.C. §§ 1681h(e), 1681t(b)(1)). Courts have disagreed on how to reconcile these two provisions, especially with respect to whether § 1681t(b)(1) preempts only state statutory claims or also common law claims. *See Skidmore v. Access Grp., Inc.*, No. 14-13031, 2015 U.S. Dist. LEXIS 151541, at *14 (E.D. Mich. Nov. 4, 2015) (summarizing the four different approaches courts have used to resolve the "conflict" between the two provisions). But more recently, in *Scott v. First Southern National Bank*, the Sixth Circuit joined the Seventh and Second Circuits in holding that the two provisions are not in conflict and that the FCRA preempts both state statutory and state common law claims. 936 F.3d 509, 520 (6th Cir. 2019). Congress enacted § 1681t(b)(1)(F) alongside § 1681s-2, and the Court reasoned there was "nothing remarkable about Congress changing the scope of federal preemption of state law when it refine[d] a previously-enacted statutory scheme": § 1681s-2 "impose[d] additional duties on furnishers" and in turn, § 1681t(b)(1)(F) "preempt[ed] additional state law claims." *Id.* at 521.

According to *Scott*, the FCRA preempts claims that "arise from [a party's] reporting obligations as a furnisher of consumer credit information." *Id.* at 522. And

9

under § 1681s-2 a furnisher has two duties: "(1) to provide accurate information; and (2) to undertake an investigation upon receipt of a notice of dispute regarding credit information that is furnished." *Scott*, 936 F.3d at 517 (quoting *Downs v. Clayton Homes, Inc.*, 88 F. App'x 851, 853 (6th Cir. 2004)). If a claim arises from one of these duties, it is preempted by the FCRA. Put another way, if "*any* damages [sought] would be related *only* to the duties and responsibilities of furnishers of information to a consumer reporting agency," the claim is preempted. *Lloyd v. Midland Funding, LLC*, 639 F. App'x 301, 307 (6th Cir. 2016).

In *Lloyd v. Midland Funding, LLC*, for example, the plaintiff debtor and her creditor had entered into a settlement agreement to dispose of her outstanding debt. But then, to plaintiff's surprise, the creditor failed to "affirmatively dismiss[]" its pending state-court lawsuit to collect on that debt, prompting the state court to enter a default judgment against the plaintiff. *Id.* at 303. As a result, the plaintiff sued her creditor under a breach of contract theory, arguing that the creditor "violated the settlement agreement by obtaining a default judgment against her." *Id.* at 307. The district court found that the plaintiff's breach of contract claim was preempted because her damages were "directly related" to the creditor's reporting of the default judgment, i.e., its furnishing of information to consumer reporting agencies as regulated by the FCRA. *Id*. But the Sixth Circuit reversed. It reasoned that the plaintiff's contract claim stemmed from her creditor *obtaining* a default judgment against her, not its *reporting* of that judgment to a consumer reporting agency. *Id*. The plaintiff could, in theory, still recover damages for the breach of the settlement

10

agreement even if someone other than her creditor reported the judgment. *Id.* "Because the [breach of contract] claim[] d[id] not rely on the proposition that [the creditor] was a furnisher of information related to the judgment, [it was] not preempted by the Fair Credit Reporting Act's preemption provisions." *Id.*; *see also Best v. Portfolio Recovery Assocs., LLC*, No. 16-03140, 2018 WL 11475749, at *4 (M.D. Tenn. Mar. 13, 2018) ("[Be]cause [the plaintiff] could prove these claims without proving that [the furnisher] erroneously reported that judgment, they are not preempted under § 1681t(b)(1)(F).").

By contrast here, and just as in *Scott*, Goss' claims for breach of contract and violation of court order "concern [Defendants' incorrect] reporting of Plaintiff's credit information to consumer reporting agencies." *Scott*, 936 F.3d at 522. More specifically, Goss says CitiMortgage breached the settlement contract by "reporting alleged past due payments on the information it submitted to the credit reporting agencies from at least June 2020 through November 2023" and Nationstar breached this contract by "reporting that it had an active mortgage loan with Plaintiff from October 2019 to January 2022, even though it had no such active loan and had transferred its interest to SPS Servicing in September 2019." (ECF No. 15, PageID.119–120.) This is conduct that the FCRA specifically regulates, i.e., it concerns Defendants' duty under § 1681s-2(a) to provide accurate information to consumer reporting agencies. Thus, as in *Scott*, Goss' contract claims are preempted.

11

## IV.

For the foregoing reasons, CitiMortgage's motion to dismiss (ECF No. 20) and Nationstar's motion for judgment on the pleadings (ECF No. 24) are GRANTED. Goss' case is DISMISSED, and a separate judgment will follow.

SO ORDERED.

Date: January 13, 2025

s/ Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE